## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. BUSBEY, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:19-cv-01427 |
| ONEMAIN FINANCIAL GROUP, LLC *also known as* ONEMAIN HOLDINGS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Jennifer L. Busbey ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of OneMain Financial Group, LLC a/k/a OneMain Holdings, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant business contacts in the Eastern District of Missouri, Plaintiff resides in the Eastern District of Missouri, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a large provider of personal installment loans with its principle office located at 601 NW Second St. Evansville, Indiana 47708.

6. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the conduct-giving rise to this claim, Plaintiff obtained a personal loan ("subject loan") from Defendant.

8. Plaintiff scheduled to make monthly payments on the subject loan mid-month.

9. Defendant would call Plaintiff on her cellular telephone after the first (1st) of every month claiming it was a courtesy call.

10. Plaintiff received these calls to her cellular telephone number, (573) XXX-9702.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 9702. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

12. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. During the call, Plaintiff explained to Defendant that she is a Certified Nurse Assistant at a nursing home. Plaintiff further explained that she works 70 hours a week and that Defendant's calls to her cellular telephone were disrupting her work productivity. Plaintiff then requested that Defendant cease calling her on her cellular telephone.

13. Failing to acquiesce to Plaintiff's demands that it stop calling, Defendant continued to place calls to Plaintiff's cellular phone.

14. Notwithstanding Plaintiff's requests that Defendant cease placing calls to her cellular telephone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between 2017 and the present day.

15. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

18. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

21. The phone number that Defendant most often used to contact Plaintiff was (573) 364-1308, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing conduct.

24. Defendant's harassing phone calls caused Plaintiff's work productivity to decrease.

25. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

4

using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

31. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between 2017 and the present day, using an ATDS without her prior consent.

33. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JENNIFER L. BUSBEY respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 24, 2019                                    Respectfully Submitted,

/s/ Marwan R. Daher                                    /s/ Alexander J. Taylor
Marwan R. Daher, Esq.                                  Alexander J. Taylor, Esq.
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                  2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                      Lombard, IL 60148
Telephone: (630) 537-1770                              Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                 ataylor@sulaimanlaw.com